UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELLIOTT SMALLS,

                              Plaintiff,                    JURY TRIAL
                                                            DEMANDED

       -against-

                                                            **FIRST AMENDED**
THE CITY OF NEW YORK; NEW YORK CITY POLICE       **COMPLAINT**
DEPARTMENT OFFICER NGAI of the 79th Precinct; NEW
YORK CITY POLICE OFFICERS JOHN DOE 1-4, individually
and in their official capacity (the names John Doe being fictitious,
as the true names and numbers are presently unknown),

                                   Defendants.                 ECF CASE
------------------------------------------------------------------X

       Plaintiff ELLIOTT SMALLS, by his attorney CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

## I.     PRELIMINARY STATEMENT

1.     Plaintiff ELLIOTT SMALLS, ("Plaintiff"), brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## II.     JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

### III.    VENUE

3. Venue is proper for the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendant CITY of NEW YORK maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

### IV.    JURY DEMAND

4. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

### V.    THE PARTIES

5. That at all times hereinafter mentioned, the plaintiff was a resident of the County of the Kings, City and State of New York.

6. That at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

7. That at all times hereinafter mentioned, the defendant, NEW YORK CITY POLICE DEPARTMENT, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

8. That at all times hereinafter mentioned, defendants NEW YORK CITY POLICE OFFICER NGAI of the 79th PRECINCT ("NGAI") and NEW YORK CITY POLICE OFFICERS JOHN DOE ("JOHN DOES") 1-4 were and still are employed by the NEW YORK CITY POLICE DEPARTMENT.

9. That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the CITY OF NEW YORK on behalf of the plaintiff within the time required by General Municipal Law §50(e).

10. That on or about December 11, 2014, a hearing was conducted by the CITY OF NEW YORK pursuant to General Municipal Law §50(h).

11. That at all times hereinafter mentioned, the defendant officers were acting within the scope and course of their employment with the New York City Police Department, and under color of state law.

12. That at all times hereinafter mentioned, all of the actions of defendants NGAI and JOHN DOES 1-4 alleged herein were done within the scope and course of their employment with the New York City Police Department.

### VI.   STATEMENT OF FACTS

13. On or about the date of May 22, 2014, at approximately 8:30pm, plaintiff ELLIOTT SMALLS ("SMALLS") was lawfully inside the premises located at 1031 Myrtle Avenue, County of Kings, City and State of New York.

14. At that time and on that date, plaintiff was an invited guest of his son, Antwan Mackins.

15. Antwan Mackins ("Mackins") was, and still is, a lawful resident of 1031 Myrtle Avenue, also known as the Sumner Houses, a property owned by the New York City Housing Authority ("NYCHA").

16. At all times of incident giving rise to this action, plaintiff was in the presence of Mackins, and remained his invitee.

17. On the date in question, plaintiff and his son entered the Sumner Houses and proceeded upstairs to go to Apartment 7C, where Mackins resided with his mother, Winifred Mackins.

18. As they tried to enter the apartment using a key, it became apparent to plaintiff and his son that the security chain had been engaged on the door by someone inside the apartment, preventing entry even by those with keys to the apartment.

19. Plaintiff and his son proceeded to knock, then bang loudly, on the door of Apartment 7C to get the attention of whoever had engaged the chain from the inside, presumably Winifred Mackins.

20. Plaintiff and his son got no answer and became concerned that something had happened to Winifred Mackins. They then proceeded back down to the lobby of the building and called Housing Police.

21. After some time, approximately five or six officers of the New York City Police Department ("NYPD") arrived in the lobby, several of whom interviewed plaintiff and his son about the situation.

22. One of the officers took the keys to apartment 7C, with the consent of plaintiff's son Mackins, and proceeded upstairs, while telling plaintiff and his son to remain in the lobby.

23. Upon information and belief, when the NYPD officers knocked on the door of apartment 7C, Winifred Mackins answered the door and told them that she had been sleeping.

24. These as-yet-unidentified NYPD officers, including, upon information and belief, defendants JOHN DOES 1-4, proceeded back downstairs.

25. JOHN DOE 1 was an African American man who, upon information and belief, held the rank of Sergeant in the NYPD.

26. Defendant JOHN DOE 1 came down to the lobby and, in a profanity laced tirade, berated plaintiff for trespassing and not being on the lease, which included saying, in sum and substance, "Only a m-f would do something like this…You're not supposed to be in here!"

27. After several minutes of enduring this tirade from defendant JOHN DOE 1, plaintiff voiced his objection to being verbally abused and stated, in sum and substance, "You will not disrespect me…You will not treat me like a piece of garbage."

28. In reaction to plaintiff's verbal objections, another NYPD officer—JOHN DOE 2—slammed plaintiff against the wall and then down to the floor. Plaintiff heard a sickening "crack" sound to his right arm as it hit the ground.

29. Plaintiff, who suffers from asthma, became short of breath as a result of being violently forced against the wall and the floor. He gasped, stating in sum and substance: "I can't breathe…please let me get my inhaler in my pocket." Any and all defendants on the scene refused to allow him to use his inhaler.

30. Plaintiff was then handcuffed and transported to Woodhull Medical Center where he was diagnosed with a fractured elbow.

31. After being released from Woodhull Medical Center, plaintiff was transported to the local NYPD precinct.

32. While at the NYPD precinct, defendant NGAI photographed plaintiff and issued him a Desk Appearance Ticket under OLBS Arrest ID No. **K14645894** for violating New York Penal Law §140.10—Criminal Trespass in the 3rd Degree.

33. Plaintiff was released shortly thereafter.

34. The Kings County District Attorney's Office declined to prosecute this charge, which is confirmed in a letter dated September 26, 2014.

35. Due to the violent acts of defendants NGAI and JOHN DOES 1-4, plaintiff suffered, *inter alia*, permanent injury and incapacitation to his right elbow.

36. Plaintiff continues to suffer from the painful and debilitating injuries caused on May 22, 2014.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. §1983

37. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

38. At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

39. All of the aforementioned acts of the Defendant CITY OF NEW YORK, and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

40. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth,

Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

41. The acts complained of were carried out by the aforementioned individual defendants, in particular NGAI and JOHN DOES 1-4, in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

42. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to their customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under supervision of said department.

43. The individual defendants, and defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

44. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

**SECOND CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. §1983**

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

46. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the NEW YORK CITY POLICE DEPARTMENT and CITY OF NEW YORK.

47. As a result of the aforesaid conduct by defendants NGAI and JOHN DOES 1-4, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

48. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

49. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF AND RETALIATION FOR
### THE EXERCISE OF RIGHTS AND FREE SPEECH AND ASSEMBLY UNDER
### 42 U.S.C. §1983

50. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

51. By the actions described above, the defendants violated, and retaliated for the exercise of the free speech and assembly rights of the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as

guaranteed by the United States Constitution, and the laws and Constitution of the State of New York.

52. The Supreme Court of the United States has consistently held that people have a 1st amendment right to verbally challenge police action. <u>City of Houston v. Hill</u>, 482 U.S. 451 (1987).

**FOURTH CLAIM FOR RELIEF:
EXCESSIVE USE OF FORCE UNDER 42 U.S.C. §1983**

53. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

54. Plaintiff was unnecessarily struck, shoved, punched, kicked, and forcefully handcuffed by defendant JOHN DOE 1 and JOHN DOE 2 and/or one or more of the defendant POLICE OFFICERS at the scene at the time.

55. The circumstances presented to the individually named defendants at the time did not support any of the above applications of force on plaintiff.

56. Plaintiff was subjected to excessive force and was assaulted by defendant JOHN DOE 1 and JOHN DOE 2 and/or one or more of the defendant POLICE OFFICERS, in violation of his rights as guaranteed under the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

57. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer serious bodily injury, including a fractured elbow, violation of his civil rights, emotional distress and anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and standing within his community.

58. As a result defendants' impermissible conduct, Plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### FIFTH CLAIM FOR RELIEF:
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

60. All individually named defendant at the scene of the arrest, including POLICE OFFICER NGAI and other officers had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights.

61. All individually named defendants at the scene of the arrest, including POLICE OFFICER NGAI and other officers failed to intervene on plaintiff's behalf in order to prevent the violation of his constitutional rights despite having a realistic opportunity to do so, and despite their awareness that their rights were being violated.

62. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violations of his civil rights, emotional distress, anguish, anxiety, fear humiliation, loss of freedom, and damage to his reputation and standing within his community

63. As a result defendants' impermissible conduct, Plaintiff demands judgment against defendants in a sum of money to be determined at trial.

## SIXTH CLAIM FOR RELIEF:
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

64. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

65. On the night of plaintiff's arrest, no probable cause existed that indicated he had committed any crime.

66. Despite the lack of probable cause, defendant NGAI photographed plaintiff and issued him a Desk Appearance Ticket under OLBS Arrest ID No. **K14645894** for violating New York Penal Law §140.10—Criminal Trespass in the 3rd Degree.

67. Actual malice motivated the institution of these charges against plaintiff by defendant.

68. The criminal charges against plaintiff were dismissed when the King's County District Attorney's office declined to prosecute.

## SEVENTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY UNDER MONELL ARISING FROM
## UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

70. Defendants NGAI and JOHN DOES 1-4 arrested and detained plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their

11

knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

71. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

72. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the NEW YORK POLICE DEPARTMENT, all under the supervision of officers of said department.

73. The aforementioned customs, policies, usages, practices, procedures and rules of the CITY of NEW YORK and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a. wrongfully arresting individuals engaged in first amendment protected expression without probably cause due to perceived lack of respect for the police officer through the content of their communications (i.e. "contempt of cop" arrests of persons engaged in first amendment protected expression);
   b. wrongfully arresting individuals engaged in first amendment protected expression without probable cause in attempts to justify excessive uses of force against same, (i.e. "contempt of cop," "cover charge" arrests; condoning brutality).
   c. The pervasive failure to train, supervise, instruct and discipline police officers with respect to the constitutional rights of citizens, and encouraging the ensuing misconduct through condoning officers' widespread custom or practice known as "the Blue Wall of Silence," wherein officers deliberately frustrate official and departmental oversight by discouraging officers from reporting violent and unlawful acts of other police officers, and by retaliating against officers who report police misconduct.
   d. The policy of unlawfully detaining and arresting NYCHA residents and their guest for the purported offense of trespassing, despite no probable cause that a crime had occurred.

  e. Despite numerous lawsuits, the NYPD has continued its unconstitutional programs of stairwell patrols, ticketing residents for "lingering" in lobbies, halls and stairwells, and arresting visitors for trespassing, all amounting to a policy of unlawful racial profiling[1].

74. As a result of the aforementioned conduct of the defendant CITY OF NEW YORK, and the individual defendants, plaintiff's constitutional rights were violated.

75. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

76. As a result of the defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

  a. Compensatory damages;
  b. Punitive damages;
  c. The convening and empaneling of a jury to consider the merits of the claims herein;
  d. Costs and interest and attorney's fees;
  e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
February 16, 2016

                  Respectfully submitted,

---

[1] http://www.nytimes.com/2014/12/16/nyregion/amid-calls-for-police-reform-little-scrutiny-of-public-housing-patrols.html

13

         **The Law Office of**
         **Christopher H. Fitzgerald**
         *Counsel for Plaintiff*


         ____/s/_____
         By: Christopher H. Fitzgerald
         (CF7339)
         233 Broadway, Suite 2348
         New York, NY 10279
         (212)226-2275